In the United States District Court
Northern District of Texas
Amarillo Division

| | | |
|---|---|---|
| Ka La Ya Lay, Aye Aya Lay, Tun Lah, Individually, and Tun Nee Individually and as next friend of minor child, K.M.N. and as Representatives of the Estate of Pwar Gay, Deceased<br><br>Vs.<br><br>Tyson Foods, Inc. | §§§§§§§§§ | Action No. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Ka La Ya Lay, Aye Aya Lay, Tun Lah, Individually, and Tun Nee Individually and as next friend of minor child, K.M.N. and as Representatives of the Estate of Pwar Gay, Deceased, Plaintiffs, set forth their Complaint for damages against Tyson Foods, Inc., Defendant, and for cause of action would show as follows:

**1. Parties**

1.1   Plaintiff, Tun Nee, is a resident and citizen of the State of Texas.

1.2   Plaintiff, Ka La Ya Lay, is a resident and citizen of the State of Texas.

1.3   Aye Aya Lay, is a resident and citizen of the State of Iowa.

1.4   Plaintiff, Tun Lah, is a resident and citizen of the State of Texas.

1.5   Plaintiff, K.M.N. is a minor and is a resident and citizen of the State of Texas.

1.6   Defendant, Tyson Foods, Inc., ("Tyson") is a company doing business in the State of Texas and may be served by process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Citation is requested herein. Tyson is a company

incorporated under the laws of Delaware with a principal place of business in Arkansas.

**2.  Jurisdiction and Venue**

2.1   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. The Plaintiffs and Defendant are citizens of different states and Plaintiffs seek damages in an amount that exceeds the sum or value of $75,000 exclusive of interest and costs.

2.2   Personal jurisdiction and venue are proper because the cause of action accrued and the negligent acts occurred within the Northern District of Texas, specifically within its Amarillo Division. Furthermore, Tyson has a significant presence within the Northern District of Texas as it has facilities located in the area.

2.3   Plaintiffs are entitled to bring a wrongful death action pursuant to Tex. Civ. Prac. & Rem. § 71.004.  The family members' relationships to the decedent are as follows:

| | |
|---|---|
| Tun Nee | Husband of Pwar Gay |
| Ka La Ya Lay | Child of Pwar Gay |
| Aye Aya Lay | Child of Pwar Gay |
| Tun Lah | Child of Pwar Gay |
| K.M.N. | Child of Pwar Gay |

2.4   Additionally, a survival action is brought herein by Tun Nee, in his capacity as Representative of the Estate of Pwar Gay, Deceased.

**3.  Background**

3.1   Ms. Gay worked as a meatcutter at the Tyson meatpacking plant located at 5000 FM 1912, Amarillo, Texas 79108.  The city of Amarillo issued a stay-at-home order effective April 1,

2020.[1] Similarly, Governor Abbott issued a stay-at-home order which took effect on April 2, 2020.[2] In April 2020 Ms. Gay slipped and fell and injured her knees while on the job with Tyson. Following the injury, Tyson sent Ms. Gay to the Tyson Company Clinic, where she received first aid treatment and was sent back to work. Ms. Gay was suffering from pain and swelling, but was not allowed to go home and rest or seek medical attention due to Tyson's shortage in staff.

3.2     This injury occurred during the COVID-19 pandemic. COVID-19 infected numerous workers at the Tyson Beef Plant in Amarillo, where Ms. Gay worked. Ms. Gay was required to continue to work in pain and with her injured knees, and during the coronavirus pandemic. Ms. Gay was not provided appropriate personal protective equipment ("PPE") to protect her from coronavirus. After working on her injured leg Ms. Gay fell ill and was rushed to the hospital after she started having dificulty breathing and her knee was extremely swollen and painful. Ms. Gay was admitted for several weeks as a result of the combination of her knee injuries and COVID-19 symptoms, which later proved to be fatal. Ms. Gay died on May 8, 2020.

3.3     Plaintiffs would show that nothing that Pwar Gay did or failed to do on the occasion in question caused or contributed to cause the occurrence. To the contrary, the injuries and death of Ms. Gay were proximately caused by the negligence, both of commission and omission, of Tyson. Tyson's negligence caused Ms. Gay's knee injuries, and also caused Ms. Gay to contract COVID-19 and die.

3.4     Upon information and belief, at least 4,500 Tyson employees have contracted

---

[1] Amarillo Globe News, https://www.amarillo.com/news/20200330/city-of-amarillo-issues-stay-at-home-order (last visited May 14, 2020).
[2] Texas Tribute, https://www.texastribune.org/2020/03/31/greg-abbott-texas-executive-order-closures/ (last visited May 14, 2020).

COVID-19, and at least 18 have died.[3] A grossly disproportionate number of Tyson employees have contracted COVID-19, and have died, when compared to the population as a whole. Tyson does not provide workers compensation insurance to its employees, nor does it provide them with any sick paid leave. Rather, Tyson institutes a rigged "injury settlement" program under which the deck is stacked against its employees. The thousands of Tyson employees who have been injured on the job over the years know this rigged program as "WISP," which stands for "Workplace Injury Settlement Program."

3.5     Tyson was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of the injuries and death of Ms. Gay. Tyson's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Tyson and its callous disregard for the safety of individuals such as Ms. Pwar Gay. Plaintiffs therefore ask for punitive and exemplary damages in addition to actual damages.

3.6     Plaintiff, Tun Nee has also suffered pecuniary loss from the death of his wife, Pwar Gay. Decedent provided her husband with care, attention, and counsel. In all reasonable probability, decedent would have continued to provide for her husband until death. Tun Nee seeks to recover a sum of money that would fairly and reasonably compensate him for the termination of the husband-wife relationship, including the loss of the love, companionship and society that he would have received from his wife, Pwar had she lived. Plaintiff, Tun Nee also seeks compensation for the mental anguish, emotional pain, torment and suffering that he has suffered, and in reasonable probability will continue to suffer in connection with the wrongful death of Pwar Gay.

3.7     Ka La Ya Lay, Aye Aya Lay, Tun Lah, and K.M.N. have suffered pecuniary loss

---

[3]Business Insider, https://www.businessinsider.com/tyson-4500-covid-19-cases-as-meat-industry-blames-workers-2020-5 (last visited May 14, 2020).

from the death of their mother, including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their mother during her lifetime had he lived.  They have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.  They have suffered mental anguish, grief, and sorrow as a result of the death of their mother, and are likely to continue to suffer for a long time in the future.

3.8     Additionally, a survival action is brought herein by Tun Nee, in his capacity as Representative of the Estate of Pwar Gay, Deceased, including claims for medical bills and pain and suffering.

3.9     Tun Nee, Ka La Ya Lay, Aye Aya Lay, Tun Lah, K.M.N. were present when Ms. Gay suffered from her knee injury COVID-19 symptoms and death and they were in shock as a result of direct emotional impact from perceiving the death of Ms. Gay as it happened. Accordingly, Plaintiffs are entitled to recover mental-anguish damages as a bystander to the death of Ms. Pwar Gay.

3.10    Tyson was not a subscriber to a policy of workers compensation insurance, and thus Plaintiff brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of her employment with Defendant.

3.11    Tyson, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

    a.     contributory negligence of Plaintiff;

    b.     that the injury was caused by the negligence of a fellow employee; and/or

    c.     that the Plaintiff assumed the risk of the injury incident to her employment.

3.12    Furthermore, Tyson was the owner of the premises where the incident occurred or otherwise was in control of the premises located at 5000 FM 1912.  Ms. Gay was its invitee at the time the injury occurred. The plaintiff went on defendant's premises for the mutual benefit of herself and the defendant, upon the invitation of employment at the premises in question.

**4.    Employer Negligence**

4.1    On the occasion in question, Tyson owed Ms. Gay a duty of care commensurate with its relationship to her as her employer. As her employer, Tyson owed Ms. Gay a duty to use ordinary care in providing a safe workplace, hiring competent co-employees, providing needed safety equipment or assistance, warning Ms. Gay of the hazards of her employment, and providing training and supervision.

4.2    Ms. Gay sustained her severe, permanent injuries and died because of Tyson's negligence and gross negligence when Tyson and/or its employees negligently:

    a. failed to provide a safe workplace;

    b. failed to protect employees against coronavirus;

    c. failed to hire competent co-employees;

    d. failed to supervise its employees;

    e. failed warn Ms. Gay of the slip hazards;

    f. failed to properly train employees on safety protocols; and

    g. failed to properly supervise employees on a regular basis and under pandemic conditions.

4.3    Tyson's breach of its duty to use ordinary care constituted negligence and was a proximate cause of Ms. Gay's injuries and death.

**5.     Premises Liability**

5.1     Additionally, as the premises owner, Tyson Food owed Ms. Gay (its invitee) the duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

5.2     Tyson's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Tyson to the Ms. Gay.

5.3     Tyson knew that the condition on its premises created an unreasonable risk of harm to invitees because Tyson knew of the rampant spread of COVID-19 throughout its facility and of previous slip and fall incidents and/or knew of the enduring hazardous conditions: that the surface was slippery, dirty, over-worn, lacking appreciable non-skid, without proper drainage, warped, and susceptible to ponding. Notwithstanding, Tyson should have known that the condition on its premises created an unreasonable risk of harm to invitees because enduring hazardous conditions had been present for such a long period of time that Tyson should have known of them in the exercise of ordinary care.

5.4     Tyson failed to exercise ordinary care to reduce or eliminate this risk by exposing employees to coronavirus and failing to maintain the floor in a reasonably safe condition, by failing to remove the foreign substance, and by failing to warn the plaintiff regarding the slippery and dangerous condition of the floor.

5.5     Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of the plaintiff's injuries and damages described below.

### 6. Punitive/Exemplary Damages

6.1     Ms. Gay adopts and incorporates by reference the preceding Paragraphs 1 through 4.5 as if fully stated within this section.

6.2     Tyson was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Ms. Gay's injuries and death. Tyson's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Tyson and its callous disregard for the safety of individuals such as Ms. Gay, and to deter Tyosn's ongoing actions as well as others from engaging in similar conduct.

6.3     Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

### 7. Pre- and Post-Judgment Interest

7.1     Plaintiffs would additionally say and show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

### 8.  Jury Demand

8.1     Plaintiffs hereby request a trial by jury.

### 9. Conclusion and Prayer

9.1     Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided

by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

    Respectfully submitted,

    **VB Attorneys**

    */s/ Vuk S. Vujasinovic*
    **Vuk S. Vujasinovic**
    SBN:  00794800
    Vuk@vbattorneys.com
    **Job Tennant**
    SBN:   24106501
    Job@vbattorneys.com
    6363 Woodway, Suite 400
    Houston, Texas 77056
    713.224.7800
    713.224.7801 Fax
    Admin E-copy to Liza@vbattorneys.com
    ***Attorneys for Plaintiffs, Ka La Ya Lay, Aye Aya Lay, Tun Lah, Individually, and Tun Nee Individually and as next friend of minor child, K.M.N. and as Rep. of the Estate of Pwar Gay, Deceased,***